IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY GREER, #28491, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-01323-JPG |
| | ) | |
| MADISON COUNTY JAIL, | ) | |
| MEDICAL UNIT, | ) | |
| RACHELLE BRAUN, | ) | |
| TONY COURT, | ) | |
| NURSE PRACTITIONER, | ) | |
| CAPTAIN RIDINGS, | ) | |
| and JOHN/JANE DOES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Anthony Greer, a pretrial detainee at Madison County Jail ("Jail"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he was denied adequate medical care for an obvious fracture to his left hand and wrist. (Doc. 1). He requests money damages and outside medical attention.[1] (Docs. 1, 4, and 10).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails

---

[1] Plaintiff's request for "federal habeas corpus" is dismissed without prejudice. (*See* Doc. 4). If he seeks release from confinement, Plaintiff may file a motion in his pending criminal case or bring a separate habeas action. The Court cannot grant release from custody pursuant to 42 U.S.C. § 1983. However, interim relief, in the form of medical care, is available to a Section 1983 plaintiff who demonstrates that he is entitled to it under Federal Rule of Civil Procedure 65. Therefore, Plaintiff should review Rule 65 and determine whether he qualifies for a temporary restraining order and/or preliminary injunction. If so, he may file a "Motion for TRO and/or Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65" at any time during the pending action. In the motion, he should describe exactly what relief he seeks and the reasons he requires it.

1

to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 1-25): Plaintiff injured his dominant (left) hand when he stumbled and fell in June 2020. (*Id*. at 2). Nursing staff examined his injury without delay and gave Plaintiff ice for swelling and Tylenol for pain. (*Id*. at 6). X-rays taken the following day showed no acute fractures. (*Id*.).

Even so, Plaintiff experienced swelling and pain for almost two months after the injury. (*Id*.). A hard knot formed between his left thumb and inner wrist. (*Id*.). He suspected the deformity was caused by a broken bone. (*Id*.). In fact, he describes the injury as an "obvious" fracture. (*Id*.; Doc. 4).

When a second set of x-rays yielded the same results as the first, however, Nurse Rachelle Braun concluded that the knot was nothing more than a ganglion cyst. (*Id*.). She advised Plaintiff that this type of cyst is fluid-filled and sometimes subsides on its own. (*Id*.). Plaintiff conducted his own research and disagreed with the diagnosis. (*Id*.). He learned that cysts are typically soft, but the knot in his wrist is hard. (*Id*.). He also questioned his treatment with Tylenol (12) for only three days, when he read that ganglion cysts are typically treated with steroids and nonsteroidal anti-inflammatory drugs (NSAID). (*Id*.).

When his symptoms did not subside, Plaintiff requested treatment with an outside provider on August 30, 2020. (*Id*. at 4). Nurse Braun denied Plaintiff's requests after concluding that he would not benefit from it. (*Id*.). A third set of x-rays revealed degenerative joint disease (arthritis), and nursing staff informed Plaintiff that he could just purchase Tylenol to treat his pain. (*Id*.).

Plaintiff subsequently filed grievances with Captain Ridings to complain of tingling, numbness, and loss of mobility in his hand. (*Id.*). Plaintiff asked Captain Ridings to meet with him to discuss the injury. (*Id.*). However, the captain did not respond to his grievances. (*Id.*). On October 27, 2020, Plaintiff lost his job because he was unable to use his left hand. (*Id.* at 23). He now seeks the appointment of counsel and treatment with an outside provider for ongoing problems. (Docs. 1, 4, and 10).

Based on the allegations summarized above, the Court finds it convenient to designate a single count in the *pro se* Complaint:

> **Count 1:**   Fourteenth Amendment due process claim against Defendants for denying Plaintiff adequate medical treatment for an obvious fracture to his left hand and wrist since June 2020.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

A pretrial detainee may challenge the denial of medical care under the Fourteenth Amendment Due Process Clause. This claim involves two inquiries, first "ask[ing] whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case" and, second, asking "whether the challenged conduct was objectively reasonable." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The allegations support a Fourteenth Amendment due process claim against Nurse Braun and Captain Ridings under the liberal pleading standard applicable at this stage. When construed in favor of Plaintiff, the allegations suggest that these defendants acted in an objectively unreasonable manner when they knowingly or

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

purposefully ignored Plaintiff's fractured hand, despite his ongoing complaints of pain, swelling, and loss of function. Count 1 shall receive further review against both defendants.

However, this claim shall be dismissed against all other defendants. The "Medical Unit" and "Jail" are not "persons" subject to suit under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). In fact, they are not legal entities at all. A defendant must have the legal capacity to be sued, and neither the medical unit nor the jail have this legal capacity. FED. R. CIV. P. 17(b). Both defendants shall be dismissed with prejudice.

Defendants Tony Court, Nurse Practitioner, and John/Jane Does are listed in the case caption of the Complaint but not mentioned in the statement of claim. The exhibits refer to none of them. Section 1983 creates a cause of action based on personal liability and predicated upon fault, so an individual defendant must have caused or participated in a constitutional deprivation to be liable. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In order words, Plaintiff must describe what each defendant did, or failed to do, that caused the violation of his constitutional rights. Merely identifying a potential defendant in the case caption is not enough to state a claim against him or her. Count 1 shall be dismissed without prejudice against Defendants Tony Court, Nurse Practitioner, and John/Jane Does.

## Pending Motions

**A.    Motion for Appointment of Counsel (Doc. 4)**

Plaintiff's Motion for Appointment of Counsel (and for Habeas Corpus) (Doc. 4) is **DENIED** without prejudice. When a *pro se* litigant submits a request for counsel, the Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, whether the difficulty of the case exceeds his capacity as a layperson to present it.

*Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  Plaintiff has not satisfied both *Pruitt* factors.

He has satisfied the first *Pruitt* factor.  Plaintiff has demonstrated reasonable efforts to locate counsel.  Along with the Complaint, Plaintiff submitted copies of written correspondence with several attorneys, who denied his request for representation in this matter.

Even so, the Court finds that Plaintiff has not satisfied the second *Pruitt* factor.  He appears competent to litigate this straightforward case without counsel. The case survived threshold screening, and the pleadings filed to date have been timely and coherent.  Plaintiff failed to identify any significant educational, language, medical, mental health, or other barriers to self-representation.  This case now focuses on a single medical claim against two defendants.  That claim arose at the facility where he is currently housed, so he should have access to information and witnesses necessary to litigate his claim. Moreover, his demonstrated ability to do so warrants denial of the motion.  Should Plaintiff's situation change, he may file a new motion.

**B.      Motion Seeking Outside Medical Attention (Doc. 10)**

Plaintiff filed a Motion Seeking Outside Medical Attention on January 28, 2021.  In the motion, Plaintiff asks whether he will be able to see anyone outside of the Jail for his hand injury.  His hand is apparently still bothering him.

Although he did not request a TRO or a preliminary injunction, Plaintiff's motion suggests that he is seeking interim relief.  To obtain this relief, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief.  *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)).  If those three factors

are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.* (citations omitted).

Plaintiff's motion does not address these factors. In addition, the Court is left to guess what medical attention has been provided or denied at the Jail in recent months (since October 2020), what current symptoms necessitate treatment (beyond a hand that is still "bothering" him), and why an outside provider is required for this treatment (as opposed to a medical provider at the Jail). The motion is thus denied without prejudice. If Plaintiff would like to renew his request for interim relief, he should file a Motion for TRO or Preliminary Injunction Under Federal Rule of Civil Procedure 65(a) or (b). He may do so at any time during the pending action.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendants **BRAUN** and **RIDINGS** in their individual capacities. Because Plaintiff seeks injunctive relief in the form of medical treatment, the **MADISON COUNTY JAIL ADMINISTRATOR** (official capacity only) shall be added as a defendant and shall be responsible for carrying out any injunctive relief ordered herein. **Pursuant to Administrative Order No. 244, Defendants Braun and Ridings need only respond to the issues stated in this Merits Review Order, and Defendant Madison County Jail Administrator need only enter an appearance.**

**Because Count 1 arises from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that Defendants **MADISON COUNTY JAIL** and **MEDICAL UNIT** are **DISMISSED** with prejudice, and Defendants **TONY COURT, NURSE PRACTITIONER,** and **JOHN/JANE DOES** are **DISMISSED** without prejudice, all because the Complaint fails to

state a claim against any of them.  The Clerk's Office is **DIRECTED** to **TERMINATE** these defendants as parties in CM/ECF.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **BRAUN**, **RIDINGS**, and **MADISON COUNTY JAIL ADMINISTRATOR** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her

attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/5/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.